## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ABDUL HAKEEM MALICK**                                                 **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:06CV-P-601-H**

**MARTIN MCDONALD** *et al.*                                       **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims.

### I. SUMMARY OF CLAIMS

Plaintiff, Abdul Hakeem Malick, a former pretrial detainee at the Louisville-Metro Department of Corrections,[1] has filed suit against various judges, prosecutors, public defenders, and corrections officers concerning the treatment he received while being prosecuted. Plaintiff's claims against each named Defendant are summarized below.

<u>Judge Martin F. McDonald</u>. Judge McDonald is a Jefferson County Circuit Judge. Plaintiff sues Judge McDonald in only his official capacity. Plaintiff alleges that Judge McDonald "failed to render me, fair and unbias pretrial hearings, which allow the Commonwealth's prosecutors . . . to seek cruel reprisal, with the death penalty as an option."

---

[1] Plaintiff is currently incarcerated at the Eastern Kentucky Correctional Complex.

Plaintiff further alleges that "every motion of any significance my attorneys Marc S. Murphy, Lucy Heskin, and Scott Barder filed, was denied to block any real legal defense strategy we planned. I think this violates due process of law."

Ernie Lewis and Daniel T. Goyette.   Plaintiff alleges that Ernie Lewis is head of the Department of Public Advocacy in Frankfort, Kentucky, and Daniel Goyette is the Executive Director of the Louisville Public Defenders Office. Plaintiff sues these Defendants in only their official capacities. Plaintiff alleges that Defendants Lewis and Goyette failed to properly manage Plaintiff's public defenders, Ray Clooney and Michael Ferraraccio. Accordingly, Plaintiff alleges that he received "poor, shoddy, incompetent counsel, which resulted in the death penalty being easily sought."

R. Dave Stingel and Shelly Black Lemons.  Plaintiff alleges that both of these Defendants were Commonwealth Attorneys involved in prosecuting his case. He sues them only in their official capacities. Plaintiff claims that they "abused their authority and the peoples trust, in seeking 'arbitrary vengeful prosecution' with the 'death penalty'" when he refused their plea causing Plaintiff and his family "to have the cloud of 'death' hanging over [his] head."

Ray Clooney and Michael Ferraraccio.  Plaintiff alleges that both of these Defendants were assistant public defenders assigned to defend Plaintiff's case. He sues them only in their official capacities. Plaintiff alleges that because of their incompetent representation, the death penalty was sought against him.

James Pettit and Robert Patterson.  Plaintiff alleges at the time of his arrest both of these Defendants were detectives employed by Louisville-Metro. He sues them only in their official

capacities. Plaintiff claims that in November and December 2003, these Defendants "paraded him around town half nude with only a hospital gown on, half conscious with head injuries and multiple broken ribs," which endangered Plaintiff's life and subjected him to cruel and unusual punishment. Once at the police headquarters, Plaintiff complains this abuse continued when he was abused and then questioned in a drugged state without a lawyer.

Plaintiff did not complete the "relief" section of his complaint.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the

3

light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

**A.     Failure to Request Relief**

As noted above, Plaintiff left the relief section of his form complaint entirely blank, and his complaint gives no indication whatsoever of the amount or type of relief sought by Plaintiff. Federal Rule of Civil Procedure 8(a)(3) states that every pleading shall contain "a demand for judgment for the relief the pleader seeks." This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Here, Plaintiff entirely failed to plead one of the essential elements of every case, the relief sought. "This Court finds the absence of any specific or particular relief in the plaintiff's complaint to be problematic, because the complaint fails, in any manner, to put the named defendants on notice of the claim or claims being asserted against them, which is a basic requirement of any civil suit, even one undertaken by a *pro se* litigant." *West v. Reynolds*, No. 05-CV-198-KSF, 2005 U.S. Dist. LEXIS 29391, at *5-6 (E.D. Ky. Nov. 23, 2005). The absence of any relief requested by Plaintiff is therefore fatal to his complaint.

**B.     Defendants McDonald, Stingel and Lemons**

Plaintiff has sued Defendants McDonald, Stingel, and Lemons in their official capacities only. Official capacity suits represent "another way of pleading an action against an entity of

4

which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). These Defendants are state officers. Thus, in essence, Plaintiff has sued the Commonwealth of Kentucky. Such a claim is barred by the Eleventh Amendment, which prohibits bringing an action for damages against a state in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Additionally, the Court notes that these Defendants are immune from prosecution. Judges are immune from liability for decisions made within the scope of their official functions. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Likewise, a prosecutor is also afforded absolute immunity from suit when the complained-of activity is "intimately associated with the judicial phase of the criminal process" or performed in a "quasi-judicial" role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Just as judicial immunity attaches to all judicial acts, prosecutorial immunity attaches to protect a prosecutor with respect to his actions which clearly involved his or her role as "advocate" for the government. *Imbler*, 424 U.S., at 431, n.33. A prosecutor is absolutely immune from liability for damages based upon his decisions regarding the initiation of a prosecution. *See Meade v. Grubbs*, 841 F.2d 1512, 1532 (10th Cir. 1988); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990). "This is so even if, as Plaintiff alleges here, the motivation for doing so is malice or the decision is otherwise taken in bad faith." *Moore v. Rogers*, No. 1:06CV-6-R, 2006 U.S. Dist. LEXIS 44542 (W.D. Ky. June 29, 2006) (citing *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989).

For these reasons, Plaintiff's claims against Defendants McDonald, Stingel, and Lemons

must be dismissed.

**C.     Defendants Lewis, Goyette, Clooney, and Ferraraccio.**

To prevail on a § 1983 claim, a plaintiff must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution or laws of the United States. *See Enertech Elec., Inc. v. Mahoning County Commissioners*, 85 F.3d 257, 259-60 (6th Cir. 1996). The law is settled that public defenders are not state actors against whom claims can be asserted under § 1983. *See Polk v. Dodson*, 454 U.S. 312, 318 (1981); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Accordingly, Plaintiff's claims against these Defendants will be dismissed.

**D.     Defendants Pettit and Patterson.**

It is apparent from the face of Plaintiff's complaint that Plaintiff's claims against these two Defendants arose out of conduct that occurred in late 2003. Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. When the face of the complaint shows that an action is time-barred, the case may been dismissed summarily upon screening. *Jones v. Bock*, --U.S.--, 127 S.Ct. 910, 920-921, 166 L. Ed. 2d 798

6

(2007).

      Having reviewed Plaintiff's complaint, the Court determines that his claims against Defendants Pettit and Patterson are time-barred. The allegations contained in the complaint concern events that plainly accrued in late 2003. Furthermore, the complaint clearly demonstrates that Plaintiff knew of the alleged violations at the time they occurred. Plaintiff's complaint was not filed with this Court until three years later on November 10, 2006.

      The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       Attorney General, Commonwealth of Kentucky
       Jefferson County Attorney
4412.008